UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NETFLIX, INC., NETFLIX WORLDWIDE ENTERTAINMENT, LLC, JIGSAW PRODUCTIONS LLC, MUDDY WATERS PRODUCTIONS LLC, ALEX GIBNEY, RICHARD PERELLO, STACEY OFFMAN, PETER KNOWLES, SAMANTHA KNOWLES, LISA SIEGEL BELANGER, LONNIE BRENNAN and the *BOSTON BROADSIDE*,

        Defendants,

v.

NICHOLAS J. LOUISA, ESQ.,

        Plaintiff.

## NOTICE OF REMOVAL CIVIL PROCEEDING BY DEFENDANT BOSTON BROADSIDE UNDER 28 U.S.C. § 1446(b)

TO:   Middlesex Superior Court
       200 TradeCenter Drive
       Woburn, MA 01801


       Howard M. Cooper, Esq.
       Matthew S. Furman, Esq.
       Todd & Weld, LLP
       One Federal Street, 27th Floor
       Boston, MA 02110



       Rachel F. Strom, Esq.
       Davis Wright Tremaine LLP

1251 Avenue of the Americas, 21st Floor
New York, NY 10020

Lisa M. Cukier, Esq.
Burns & Levinson
125 High Street
Boston, MA 02110

Benjamin M. Stern, Esq.
Verill Dana LLP
1 Federal Street, 20th Floor
Boston, MA 02110

**PLEASE TAKE NOTICE** that the **Defendant Boston Broadside** hereby removes Civil Action No. 2081CV01945, pending in the Middlesex Superior Court, to the United States District Court for the First Circuit of Massachusetts pursuant to **28 U.S.C. §§ 1331, 1446(b).**[1] (Attached hereto is affidavit of undersigned counsel). The grounds for removal are set forth as follows:

**<u>Background</u>**

1. With specific regard to **Defendant Boston Broadside**[2], the underlying matter of Middlesex Civil Action No. 2081CV01945 pertains to Defendant Boston Broadside, a newspaper publication, reporting in its official capacity as press/media regarding the state court-

---

[1] (b) Requirements; Generally.—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. Sec. 1446 Procedure for removal of civil actions (United States Code (2020 Edition))

[2] Defendant Lonnie Brennan is publisher and editor of Boston Broadside.

2

appointed guardianship and conservatorship matters of *In re John C. Savanovich*, Nos. 18P1286GD & 18P1287PM, which were initiated by Plaintiff Attorney Nicholas Luisa, in his official capacity with the Law Firm of Russell & Associates, as counsel for John Savanovich on **May 8, 2018**.

2. Several hearings specific to said state court-appointed guardianship and conservatorship matters of *In re John C. Savanovich* (Nos). 18P1286GD & 18P1287PM) have been conducted in open court, with public attendance at the Norfolk Probate & Family Court located at 35 Shawmut Road in Canton, Massachusetts, pertaining to the matters of *In re John C. Savanovich* (Nos. 18P1286GD & 18P1287PM).

3. Three (3) articles were published by the Needham Times on: **April 20, 2018; May 8, 2018; March 19, 2019** *specifically focusing* on John Savanovich and five (5) adjacent properties that he owned on Riverside Street in Needham, Massachusetts, located across from neighbor Nina Prohodski. These articles are replete with misinformation and inaccuracies.

4. In the articles dated **May 8, 2018** and **March 19, 2019**, Plaintiff Attorney Nicholas Louisa in his official capacity with the Law Firm of Russell & Associates voluntarily gave personal interviews to the Needham Times, providing extensive personal and financial information with regard to his then client John Savanovich. Plaintiff Attorney Nicholas Luisa was quoted in said articles as set forth below.

5. As set forth in the below Needham Times articles, **Director of the Needham Public Health Department, Timothy McDonald**, provided extensive detailed personal and financial information about John Savanovich as well-established owner of the five adjacent deeded lots spotlighted in the Needham Times articles.

3

6. As set forth in the below Needham Times articles, **Neighbor Nina Prohodski** provided extensive detailed personal and financial information about John Savanoch as well-established owner of the five (5) adjacent deeded lots spotlighted in the Needham Times articles.

7. To reiterate, the three (3) Needham Times articles set forth below were all published during Plaintiff Attorney Nicholas Luisa's role as legal counsel for John Savanovich on behalf Law Firm Russell & Associates.[3]

8. Plaintiff Attorney Nicholas Luisa directly permitted and facilitated the publication of his then client John Savanovich's personal and financial information into the public domain. See Pendleton v. City of Haverhill, 156 F.3d 57, 71 (1st Cir. 1998).

9. Set forth below are statements made specific to John Savanovich and his five (5) owned properties by the Needham Times on **April 20, 2018**, *In a 'forgotten' corner of Needham, abandoned homes blight a neighborhood* (copy provided as **Exhibit 1**) which consists of the following:

> "My neighbors are afraid to come out at night because the raccoons and skunks are on their front stairs. It happens to me all the time," she said." I pay over $40,000 a year in taxes to the town, but I have to live with this? It's not fair."
>
> According to Timothy McDonald, director of the Needham Public Health Department, the town has been working for several years to try to get the owner of the houses to sell the properties, but have repeatedly run into obstacles.
>
> They have issued numerous letters to the owner, ordering him to clean up or face fines. However, because he doesn't have enough money to pay, that method fails to make a lasting difference. They've tried to condemn the houses as unsafe for human habitation, but have been unable to because he doesn't have any tenants.
>
> And because he has no close family, they can't force him to go elsewhere.
> "I feel for the people in that neighborhood, because it's very frustrating.

---

[3] Principal owner of Russell & Associates is Peter Russell, Esq.

> Especially because they have to put up with very unsightly homes," McDonald said. "The guy just doesn't want to sell."
>
> McDonald said that they have been working with Attorney General Maura Healey's office to address the problem, which did help them flip another abandoned property on Highland Terrace, but there is still work to be done.
>
> Prohodski said she has repeatedly reached out to the Board of Selectmen, the Board of Health, the Department of Public Works and the Planning Board, but none of them have been able to help.
>
> "I would hope that they would send some men to clean up the garbage," Prohodski said. "I want this neighborhood to be treated like every other neighborhood in Needham."

10. Set forth below are statements made specific to John Savanovich and his five (5) owned properties by the Needham Times on **May 8, 2018**, *In a 'forgotten' corner of Needham, abandoned homes blight a neighborhood* (copy provided as **Exhibit 2**) which consist of the following:

> The trash piled up along five abandoned homes on Riverside Street in Needham was cleared last week, relieving community members of the headaches and indignation it had continually caused.
> "It's wonderful. Everyone has a smile on their face now when they go by," Nina Prohodski told the Needham Times last week. Prohodski lives on and rents out several properties on Riverside Street.
> Prohodski had been complaining to town officials about the homes and the trash on them for years, as the garbage would regularly blow across the street onto her properties, as well as draw wild animals like raccoons and skunks into the small neighborhood.
>
> "For over 20 years I've been cleaning up this neighborhood because of other people's neglect. I'm 85 years old and I cannot do it any longer," Prohodski told the Needham Times last month.
>
> **Owners' attorney: 'He loves the town'**
>
> Over the course of several days, landscapers from Summerfield Landscaping and Construction Inc. rid the properties of the trash bags, beer bottles and cat food cans that had collected in large piles, and cleared away dead brush and fallen leaves from all the yards.

> The owner of the properties, John Savanovich, could not be reached for comment, **but his attorney, <u>Nick Louisa of Russell and Associates</u>, said that the cleaning of the homes has been an ongoing process and that recent attention from town residents did not influence it.**
> **"This has been in the works for the entire time that we've represented him," <u>Louisa said</u>. "John has lived his entire life in Needham. He grew up on those properties, he loves the town and has a lot of respect for his neighbors."**
>
> According to Timothy McDonald, director of the Needham Public Health Department, the town has been working for several years to try to get Savanovich to sell the properties, but have repeatedly run into obstacles.
>
> "I feel for the people in that neighborhood, because it's very frustrating. Especially because they have to put up with very unsightly homes," McDonald said. "The guy just doesn't want to sell."
> McDonald said that they have been working with Attorney General Maura Healey's office to address the problem, which did help them flip another of Savanovich's abandoned properties on Highland Terrace last year, but there is still work to be done.
> **<u>According to Louisa,</u> Savanovich has not made a decision as to what will ultimately happen to the properties, but said that they are doing what they can to help the neighborhood.**
>
> **"<u>We've represented [Savanovich] since 2015</u> and the results that came out of 26 Highland Terrace can be used to assure the residents that their concerns are being addressed," <u>Louisa said</u>.**

11. On the same day as the publishing of the above article, **May 8, 2018**, Plaintiff Attorney Nicholas Luisa, acting on behalf of Russel & Associates, filed petition for guardianship and conservatorship over his then client, John Savanovich.

12. Set forth below are statements made specific to John Savanovich and his five (5) owned properties by the Needham Times on **March 19, 2019**, *Abandoned homes torn down in Needham's 'forgotten' community* (copy provided as **Exhibit 3**), which consist of the following:

> But worst of all, for the past two decades, <u>a row of five abandoned homes across the street were neglected eyesores</u>. [The 5 properties owned by John Savanovich] Heaps of trash would blow over onto the multiple properties she owned. Because of this, wild animals began to accumulate in the area and residents would regularly open their doors to find them on their front steps.

6

"For over 20 years I've been cleaning up this neighborhood because of other people's neglect. I'm 85 years old and I cannot do it any longer," Prohodski told the Needham Times last year. "I pay over $40,000 a year in taxes to the town, butI have to live with this? It's not fair."

Fortunately for Prohodski, her prayers were finally answered as the abandoned homes were demolished three weeks ago, marking a turning point in a community that for a long time felt left behind.

"The whole neighborhood is delighted. We're just so happy that we don't have skunks and raccoons on our doorsteps when we come home at night," Prohodski said. "Everyone's pleased that we're getting some attention and that Needham is finally noticing us now."

According to Needham Public Health Director Timothy McDonald, the town had been working for several years to try to get the owner, John Savanovich, to sell the properties but had repeatedly run into obstacles.

They issued numerous letters ordering him clean up or face fines, but because he supposedly didn't have enough money to pay, that method failed to make a lasting difference. They tried to condemn the houses as unsafe for human habitation, but were unable to because he didn't have any tenants. And because they couldn't identify any close family members, they couldn't force him to go elsewhere.

**Ultimately, thanks to support from Attorney General Maura Healey's office and their Abandoned Housing Initiative, they were able to reach an agreement with Savanovich, who sold the properties to a local builder at the end of November.**

**Savanovich could not be reached for comment. <u>The Needham Times was able to contact his attorney, Nick Louisa of Russell and Associates</u>, though he declined to comment on why his client chose not to sell the land for so many years or what made him change his mind.**

**"John has lived his entire life in Needham. He grew up on those properties, he loves the town and has a lot of respect for his neighbors," <u>Louisa said</u> last May, after landscapers cleared the properties of the trash bags, beer bottles and cat food cans that had collected in large piles.**

According to Building Commissioner David Roche, the lots will likely be turned into condominiums and should be completed within six to eight months.
"I think it's a major boost for that neighborhood, as far as property values. Those other homes were pretty run down and were in that state for a long time," he said.

13.    As established above, Plaintiff Attorney Nicholas Louisa voluntarily provided interviews and information regarding his then client John Savanovich thus deeming Plaintiff Attorney Nicholas Luisa a **public figure** in his role as counsel for John Savanovich. Plaintiff's conduct also has made John Savanovich a public figure with respect to these specific circumstances. Pendleton v. City of Haverhill, supra.

14.    As established above, the information pertaining to the properties owned by John Savanovich and John Savanovich's financial and personal matters are considered de facto public matters having been published multiple times by the Needham Times and, particularly, where such information was provided to the Needham Times by **Plaintiff Attorney Nicholas Luisa** in his capacity as counsel for John Savanovich and by the **Director of the Needham Public Health Department Timothy McDonald.**

15.    As established, Defendant Boston Broadside is being sued by Plaintiff Nicholas Luisa in its official capacity as media/press for supposed claims of defamation. (Refer to Exhibit 5).

16.    Defendant Lonnie Brennan is the Editor and Publisher of Defendant Boston Broadside.

17.    Issues of **May 2019, June 2019** and **March 2020** of Defendant Boston Broadside reported on the state court-appointed guardianship and conservatorship of John Savanovich petitioned by Plaintiff Attorney Nicholas Luisa and the Law Firm of Russell & Associates.

18.    On **April 21, 2020**, the **Law Firm of Todd & Weld LLP** sent Defendant Boston Broadside a letter threatening suit on behalf of **Plaintiff Attorney Nicholas Luisa, Attorney Peter Russell and the Law Firm of Russell & Associates**. (See copy of letter provided as Exhibit 4).

19. Plaintiff Attorney Nicholas J. Luisa filed the above-referenced Middlesex Superior Court Civil Action No. 2081CV01945 purportedly on **August 12, 2020.**

20. On **August 28, 2020,** Defendant Boston Broadside was served an "Amended Complaint" with exhibits. (Copy of said Amended Complaint provided as **Exhibit 5**). At no time, has Defendant Boston Broadside been served the first civil complaint purportedly filed with Middlesex Superior Court Civil Action No. 2081CV01945.

21. As established by said Amended Complaint, despite the April 21, 2020 letter from **Attorney Howard M. Cooper** (*Exhibit 4*), Attorney Peter Russell and the Law Firm of Russell & Associates chose NOT to follow through as plaintiffs in this law suit even though threatening to do so.

22. To reiterate, Attorney Nicholas Luisa is the sole plaintiff in the underlying Middlesex Superior Court Civil Action No. 2081CV01945.

23. As shown in the above caption of this Notice, Middlesex Superior Court Civil Action No. 2081CV01945 also includes the following defendants: Netflix, Netflix Worldwide Entertainment, LLC, Muddy Watters Productions LLC, Alex Gibney, Richard Perello, Samantha Knowles, and Attorney Lisa Siegel Belanger.

### Proper original federal jurisdiction under 28 U.S.C. § 1446(b)

24. Defendant Boston Broadside removes Middlesex civil action No. 2081CV01945 as said amended complaint (*Exhibit 1*) involves questions of federal constitutional law pursuant to 28 U.S.C. § 1331.

25. This Notice of Removal is timely filed.

26. Where Plaintiff Attorney Nicholas Luisa's amended complaint specifically raised the claims of defamation against Defendant Boston Broadside as a **media defendant**, the elements that Plaintiff Luisa must prove in *his* civil action *exceed* the usual common law claims and transform into a federally based constitutional law claim. Veilleux v. Nat'l Broad. Co., 206 F.3d 92 (1st Cir. 1999).

27. As a matter of law pursuant to Veilleux v. Nat'l Broad. Co., supra at 108, a defamation claim in particular raised by a plaintiff becomes **a "constitutionally-mandated" standard of proof**—again, going beyond the ordinary Massachusetts common law claim. Id.

28. The First Circuit Court of Appeals in Veilleux v. Nat'l Broad. Co. has specifically emphasized that defamation claims against a media defendant constitutes a federally based claim *independent* of the Massachusetts defamation common law claim; the Court highlighted:

> The Supreme Court of the United States has determined that the federal constitution imposes certain requirements on defamation actions **independent of those established by the state's own law**." Id.

29. Further establishing the underlying civil action as a federally based claim is the fact that speech about matters of public concern carries a **"constitutional burden** to show the falsity of each statement[]"—again, delineating itself from a state claim. Id. at 108, 127.

30. To reiterate, it is well-documented that through Plaintiff Attorney Nicholas Luisa's *own actions*, in particular, *multiple voluntary* given interviews with the Needham Times, he has established his representation of John Savanovich as legal counsel to be a public matter of concern.

31. As a separate and distinct public concern basis, Defendant Boston Broadside focused said articles on the aspect of governmental abuse of court-appointed guardianships and conservatorships.

32. Additionally, the underlying action constitutes a federally based suit where Plaintiff seeks damages for injury to his reputation. (Amended Complaint, pp 30-31); again, requiring a **constitutional standard of proof**. Id. at 128.

33. In totality, as a matter of law, due to Defendant Boston Broadside being sued in its capacity as press/media, the claims brought by plaintiff raises **First Amendment issues** that are separate and distinct from that of Massachusetts defamation common law actions, thereby, rendering the underlying Middlesex Civil Action No. 2081CV01945 a federally based law suit. Veilleux v. Nat'l Broad. Co., supra at 105.

34. Accordingly, for all the reasons set forth above, the underlying Middlesex Civil Action No. 2081CV01945 solidly comports with **28 U.S.C. §§ 1331, 1446(b)**.

## Procedural information relating to underlying matter

35. On **September 4, 2020**, undersigned counsel served Notice of Appearance for Defendants Boston Broadside and Lonnie Brennan (Editor & Publisher) to the Middlesex Superior Court Clerk's Office and to opposing counsel.

36. Counsel is unable to provide a docket sheet for this Court as continuous attempts have been made to retrieve Middlesex Superior Court Civil Action No. 2081CV01945 on the state electronic court system (http://www.masscourts.org/), however, said "file" has repeatedly come up as irretrievable by the docket number and by party names.

37. On Friday, September 11, 2020, Defendant Attorney Lisa Siegel Belanger emailed the Session Clerk requesting a copy of the docket with no response received as of yet.

38. Attorney Strom (counsel for Defendants Netflix et al) stated to undersigned counsel and Defendant Attorney Lisa Siegel Belanger that she (Attorney Strom) has also been unable to retrieve said matter through the electronic public court system, expressing that she was relayed info from opposing counsel and from the Middlesex Superior Court's Clerk's Office that the reason for the inability to retrieve said matter via the public electronic court system was specifically due to the matter supposedly being "impounded".

39. An "ex-parte" impoundment order had been attained by Plaintiff's counsel from Middlesex Superior Court (Doolin. J) on August 12, 2020 for 20 days. The Order terminated on September 2, 2020 with no known extension order.[4]

40. Responsive pleadings to the complaint have not been filed by any defendant in said underlying action.

41. Defendant Attorney Lisa Siegel Belanger assents to Defendant Boston Broadside's petition for removal.

42. Notice will be promptly provided to the Middlesex Superior Court.

---

[44] A nonparty motion to impound was filed by the Law Firm of Burns & Levinson, with a hearing scheduled for September 18, 2020; however, to undersigned counsel's knowledge, Middlesex Superior Court has not issued any temporary impoundment order or any other protective order for that matter.

43. If questions arise regarding the propriety of removal of this action, Defendant requests the opportunity to supplement with further briefing and oral argument.

RESPECTFULLY SUBMITTED,

DATED: September 14, 2020

/s/ Richard C. Chambers, Jr., Esq.
Richard C. Chambers, Jr., BBO# 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Tel: (781)-581-2031
Email: Richard@chamberslawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

/s/ Richard C. Chambers, Jr., Esq.
Richard C. Chambers, Jr., BBO# 651251

DATED: September 14, 2020