# EXHIBIT 4



Howard M. Cooper, Esq.
Email: hcooper@toddweld.com

April 21, 2020

**VIA EMAIL**

The Boston Broadside
Attention: Lonnie Brennan
P.O. Box 4200
Peabody, MA 01961
Lonnie@bostonbroadside.com

Re: **Preservation of Evidence**

Dear Mr. Brennan:

This firm represents Attorney Nicholas J. Louisa, Attorney Peter Russell and the law firm of Russell & Associates, LLC with respect to their claims for defamation and other civil wrongs against The Boston Broadside and its reporters, including you, that arise out of articles which appeared in your newspaper in May and June of 2019 and March of 2020.

I write to inform you of your legal obligation to preserve all documents and data from any and all sources relevant to my clients' claims. To avoid any confusion as to your legal obligations in this regard, "documents and data" as used here means not only paper "hard copy" documents, but also photographs, video recordings, audio recordings, videotape, email, instant messages, electronic and word processing/spreadsheet documents and databases (such as documents created using Microsoft Word, Excel, PowerPoint, Access and the like), incident reports, calendars, telephone logs, contact manager information, Internet usage files, social media postings and communications (including Facebook, Twitter, LinkedIn, Instagram, Snapchat, TikTok, YouTube, WhatsApp, etc.), text messages, and all other electronic information maintained created, received and/or maintained by you, including all associated metadata. "Sources" includes all hard copy files, computer hard drives, cameras, removable media (*e.g.* USB drives, external hard drives, CDs and DVDs), laptop computers, PDAs, Personal Information Management devices (*e.g.* Blackberries, iPhones, iPads) and any other locations where hard copy and electronic data is stored by any and all individuals likely to possess such information. The above-mentioned sources of relevant and discoverable information may include personal computers used by your agents or employees. It also includes inaccessible storage media, such as backup tapes which may contain relevant electronic information that does not exist in any other form.

In order to comply with your legal obligations, you must immediately preserve all existing records, documents and data (both electronic and hard copy) that could be potentially relevant to my clients' claims. This specifically means that you must suspend any and all deletion, overwriting or other possible destruction of relevant documents and data, whether or not pursuant to a formal document retention policy. Of particular importance, you must preserve all emails and text messages. **If necessary, please take immediate steps to contact third-party**



The Boston Broadside
Attention: Lonnie Brennan
April 21, 2020
Page 2 of 2

**service providers to preserve cellular phone records and logs.** If you have deleted discoverable and relevant electronically stored information previously, whether through a document retention policy or otherwise, and that information can still be reasonably recovered, you must attempt to recover this information immediately.

Please note that these preservation and retention obligations are ongoing.

Very truly yours,

Howard M. Cooper

cc:   Matthew S. Furman, Esq.