UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS J. LOUISA, ESQ.<br><br>      Plaintiff,<br><br>v.<br><br>NETFLIX, INC., NETFLIX WORLDWIDE ENTERTAINMENT, LLC, JIGSAW PRODUCTIONS LLC, MUDDY WATERS PRODUCTIONS LLC, ALEX GIBNEY, RICHARD PERELLO, STACEY OFFMAN, PETER KNOWLES,  SAMANTHA KNOWLES, LISA SIEGEL BELANGER, LONNIE BRENNAN and the BOSTON BROADSIDE,<br><br>      Defendants. | Civil Action No. 1:20-cv-11691-FDS |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO REMAND**

**i. Introduction**

Plaintiff Nicholas J. Louisa, Esq. ("Plaintiff" or "Attorney Louisa") respectfully submits this memorandum in support of his motion to remand this lawsuit back to the Middlesex County Superior Court of the Commonwealth of Massachusetts (the "Superior Court") where it was originally filed. It is settled law that there is no federal question raised by the defamation action set forth in Attorney Louisa's *Amended Complaint and Jury Demand*. Indeed, the argument advanced by The Boston Broadside ("Boston Broadside") in its *Notice of Removal* is lacking in good faith where even a cursory research effort makes clear that it is uniformly contradicted by decisions from courts throughout the United States. Assuming that even basic research was undertaken prior to removing the case, the only explanation for Boston Broadside's improper

removal is that it hoped to delay a hearing previously scheduled in the Superior Court for this Friday, September 18, 2020 concerning the issue of impoundment, after which Attorney Louisa anticipated that his lawsuit, and its description of defendants' tortious misconduct, would become public. Separately, the *Notice of Removal* is both untimely and procedurally improper. This Court should grant Attorney Louisa's motion to remand and award him his fees and costs resulting from Boston Broadside's wrongful removal.

### ii. Background

This a defamation action arising from the numerous false and defamatory statements made about Attorney Louisa that were broadcast worldwide by Defendant Netflix, Inc. (along with other named defendants) in an episode of their *Dirty Money* series and published in a series of articles by Boston Broadside. The gist of the false and defamatory statements was to suggest that Attorney Louisa had engaged in wrongdoing, and outright theft, in his representation of his former client, John Savanovich ("Mr. Savanovich"), and the guardianship and conservatorship proceedings for him that followed.

Attorney Louisa's *Amended Complaint and Jury Demand* includes four (4) state law claims: Defamation (Count I), Intentional Infliction of Emotional Distress (Count II), Negligent Infliction of Emotional Distress (Count III), and Civil Conspiracy (Count IV). These are the same four (4) state law claims that were included his initial *Complaint and Jury Demand*, which was first filed on August 13, 2020.

On August 13, 2020, Attorney Louisa's counsel emailed copies of his initial filings to Defendant Lonnie Brennan ("Mr. Brennan"), noting that both he and Boston Broadside had been named as defendants. A copy of this email (without attachments) is attached hereto as **Exhibit A**.

According to Boston Broadside, Mr. Brennan is its editor and publisher.  *See* Notice of Removal, Docket Entry No. 1 at ¶ 16.

Despite all of Attorney Louisa's claims – in both complaints – undeniably arising under state law, Boston Broadside filed its *Notice of Removal* contending that this Court has "arising under" jurisdiction pursuant to 28 U.S.C. § 1331 because of the purported existence of a defense to Attorney Louisa's defamation claim (Count I) based upon the First Amendment because it is a newspaper.  *See* Notice of Removal, Docket Entry No. 1 at ¶ 33.  The *Notice of Removal* was not filed together with a copy of all process, pleadings, and orders served upon Boston Broadside.  Nor does it suggest that all defendants join in or consent to the removal.

The timing of Boston Broadside's *Notice of Removal* demonstrates that it was not advanced in good faith.  At the time that he filed his state court action, Attorney Louisa asked the Superior Court to enter an impoundment order for 30 days in order to give any interested party the opportunity to raise privacy or other issues given that his lawsuit arises from a private guardianship proceeding.  The Superior Court (Doolin, J.) entered the impoundment order he requested but limited it to 20 days instead of the requested 30 days.  After a proposed intervener filed further motions, the Superior Court (Cowin, J.) set a hearing for Friday, September 18, 2020 and extended the impoundment order accordingly.  Defendant Netflix, Inc. (along with other named defendants) opposed those motions.  Attorney Louisa was about to file his own opposition yesterday or today, a copy of which is attached hereto as **Exhibit B,** when he received Boston Broadside's *Notice of Removal*.  Attorney Louisa fully expects that after a hearing the state court action will be made fully public.  Apparently, this will not be to the liking of Boston Broadside or Defendant Lisa Siegel Belanger.

### iii. **Argument**

Boston Broadside's removal of this case from the Superior Court was improper. The First Circuit has clearly instructed that "[i]t is incumbent on the federal courts, as courts of limited jurisdiction, to be scrupulous in applying the tenets that define the limits of their subject matter jurisdiction." *Gabriel v. Preble*, 396 F.3d 10, 16 (1st Cir. 2005). It is settled law that "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Rosselló-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004) (internal quotations omitted) (alteration in original).

"Thus, the burden to prove that a federal question has been pled lies with the party seeking removal." *Rosselló-Gonzalez*, 398 F.3d at 11. *See also* Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3721 (4th ed.) (explaining that it is "the defendant [who] has the burden of establishing that the requirements of the relevant federal statutes have been met and that removal is proper."). "In light of this burden, and of the important federalism concerns at play in considering removal jurisdiction, any ambiguity as to the source of law relied upon by the [] plaintiffs ought to be resolved against removal." *Rosselló-Gonzalez*, 398 F.3d at 11 (internal citation omitted) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983)). As a matter of law, Boston Broadside cannot carry its burden.

**A.    This Case Must Be Remanded Because There is No Federal Question.**

The sole basis for Boston Broadside's *Notice of Removal* is its claimed defense to Attorney Louisa's defamation claim under the First Amendment. *See* Notice of Removal, Docket Entry No. 1 at ¶ 33. Putting aside that no such defense will be available to it in this case where Attorney Louisa is not a public figure or limited purpose public figure – an issue to be decided by the trial

judge on a full record – the claimed defense does not provide a basis to ground federal question jurisdiction under 28 U.S.C. § 1331.

"It is hornbook law that a federal defense does not confer 'arising under' jurisdiction, regardless whether that defense is anticipated in the plaintiff's complaint." *Ten Taxpayer Citizens Grp. V. Cape Wind Assocs., LLC*, 373 F.3d 183, 191 (1st Cir. 2004). For that reason, courts across the country have remanded defamation actions to state court where a defendant improperly claimed that the availability of First Amendment defenses raised a federal question. *See, e.g., Lutterodt v. Potter*, 2017 WL 1505300, at *2 (E.D. Tex. Apr. 27, 2017) ("The presence of a perceived 'federal question' in a defensive argument – such as Plaintiff's [First Amendment] defense to Defendants' defamation claim here – cannot transform the action into one arising under federal law and/or otherwise confer jurisdiction on the Court. . . . This case should be remanded to the court from which it was removed . . . ."); *Hohal v. Tangorre*, 2016 WL 4889264, at *5 (D. Md. Sept. 15, 2016) (granting motion to remand and explaining "The Court also does not possess federal question jurisdiction pursuant to 28 U.S.C. § 1331. . . . Plaintiffs allege defamation, a claim which sounds entirely in state law. Tangorre's assertion that the defamation suit impinges his First Amendment right to freedom of speech is a federal defense."); *Spear ex rel. Spear v. Publix Super Markets, Inc.*, 2008 WL 5276441, at *3 (S.D. Fla. Dec. 18, 2008) ("Defendant asserts that the complaint invokes the First Amendment as a basis for jurisdiction [because of actual malice standard and plaintiff's purported status as a limited purpose public figure] . . . Defendant is mistaken. The underlying controversy here is a defamation action. This, of course, arises under state law and plainly there is no federal jurisdiction as to this state tort claim."); *Shinoff v. Larkins*, 2008 WL 564728, at *2 (S.D. Cal. Mar. 3, 2008) ("The underlying claim in this case is Plaintiff's state law claim for defamation. The Complaint does not allege a federal cause of action, and

Defendant raises the First Amendment only as a defense to the defamation claim. The Court concludes that Plaintiff's federal defense does not establish removal jurisdiction.") (internal citation omitted); *Sprague v. Bulletin Co.*, 527 F.Supp. 1016, 1017 (E.D. Pa. 1981) (remanding defamation case to state court and rejecting argument that First Amendment defenses created federal question jurisdiction).[1]

The law here is settled. For this reason alone, the Court should remand this case back to the Superior Court.

**B.   This Case Should Also Be Remanded Because the *Notice of Removal* Was Both Untimely and Procedurally Improper.**

In order to be effective, Boston Broadside was required to file its *Notice of Removal* "**within 30 days after the receipt by the defendant, through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1) (emphasis added). The *Notice of Removal* here is dated September 14th, although it was filed on September 15, 2020. Either date is late.

Boston Broadside, through Mr. Brennan, received copies of Attorney Louisa's initial pleadings, ***including his defamation claim*** against Boston Broadside, by email on August 13, 2020. *See* Ex. A. Boston Broadside acknowledges in its *Notice of Removal* that Mr. Brennan is its editor and publisher. *See* Notice of Removal, Docket Entry No. 1 at ⁋ 16. Accordingly, its *Notice of Removal* is untimely as it was not filed within the 30 days required by 28 U.S.C. § 1446(b)(1).

---

[1] Boston Broadside's reliance on *Veilleux v. Nat'l Broadcasting Co.*, 206 F.3d 92 (1st Cir. 2000), is misplaced. That decision is simply a review of a jury verdict on a defamation count under Maine law and evaluates whether the jury's determination was consistent with or violative of the First Amendment. *See id*. at 107-08. It does not address federal jurisdiction under 28 U.S.C. § 1331, which was not at issue in the case; nor does it address a motion to remand pursuant to 28 U.S.C. § 1447(c). *Veilleux* is irrelevant to this Court's analysis here.

The *Notice of Removal* was also procedurally improper. It was not filed "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Nor does it suggest that "all defendants who have been properly joined and served [] join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(1)(A).

Boston Broadside's *Notice of Removal* fails to comply with 28 U.S.C. § 1446 because it is both untimely and procedurally improper. Remand is required for these reasons as well.

### C. The Court Should Award Attorney Louisa His Fees and Costs.

Boston Broadside's *Notice of Removal* cannot have been filed in good faith where it had no basis in law, was untimely and procedurally improper, and was clearly interposed to delay the Court hearing scheduled for Friday, September 18, 2020. This Court has authority to award a litigant his fees and costs for being forced to seek a remand. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 11; Mass. R. Civ. P. 11. Such an award is appropriate here.

### iv. Conclusion

For all of the reasons set forth above, the Court should grant *Plaintiff's Motion to Remand* and remand this case back to the Superior Court. The Court should also award Attorney Louisa his fees and costs.

Respectfully submitted,
PLAINTIFF NICHOLAS J. LOUISA, ESQ.,
By his attorneys,


/s/ Matthew S. Furman
Howard M. Cooper (BBO No. 543842)
Matthew S. Furman (BBO No. 679751)
TODD & WELD, LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel:    (617) 720-2626
Email: hcooper@toddweld.com
            mfurman@toddweld.com

Dated:  September 16, 2020

## **CERTIFICATE OF SERVICE**

  I, Matthew S. Furman, hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 16, 2020.

                /s/ Matthew S. Furman
                 Matthew S. Furman