UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **NICHOLAS J. LOUISA, ESQ.,** | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 20-11691-FDS |
| v. | ) ) | |
| **NETFLIX, INC.; NETFLIX WORLDWIDE ENTERTAINMENT, LLC; JIGSAW PRODUCTIONS, LCC; MUDDY WATERS PRODUCTIONS, LLC; ALEX GIBNEY; RICHARD PERELLO; STACEY OFFMAN; PETER KNOWLES; SAMANTHA KNOWLES; LISA SIEGEL BELANGER; LONNIE BRENNAN; and the BOSTON BROADSIDE,** | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND

**SAYLOR, C.J.**

On August 13, 2020, plaintiff Nicholas Louisa filed a complaint in Middlesex County Superior Court against defendants Netflix, Inc.; Netflix Worldwide Entertainment, LLC; Jigsaw Productions, LLC; Muddy Waters Productions, LLC; Alex Gibney; Richard Perello; Stacey Offman; Peter Knowles; Samantha Knowles; Lisa Siegel Belanger; Lonnie Brennan; and the Boston Broadside. On September 15, 2020, defendant Boston Broadside removed the case to this Court on the basis of claimed federal-question jurisdiction under 28 U.S.C. § 1331. The next day, plaintiff moved to remand under 28 U.S.C. § 1447(c).

Federal-question jurisdiction extends to cases that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a claim arises under

federal law, courts look to the "well-pleaded" allegations of the complaint, ignoring potential defenses.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  Thus, the existence of a federal defense—including a defense that relies on a constitutional provision—"normally does not create statutory 'arising under' jurisdiction, and a defendant may not [generally] remove a case to federal court unless *plaintiff's* complaint establishes that the case 'arises under' federal law."  *Aetna Health*, 542 U.S. at 207 (internal quotation and citations omitted); *see also Beneficial*, 539 U.S. at 6.

Here, there is no federal question on the face of the amended complaint.  It alleges only state-law claims:  defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy.  (Def. Ex. 5).  Defendant may raise a defense to the defamation claim under the First Amendment, but the existence of a defense based on the Constitution, under the circumstances presented here, cannot form the basis of federal-question jurisdiction.  Accordingly, the Court lacks subject-matter jurisdiction.

For the foregoing reasons, plaintiff's motion to remand is GRANTED.  The case is hereby REMANDED to the Middlesex County Superior Court.

**So Ordered.**

Dated:  September 18, 2020

 /s/  F. Dennis Saylor, IV  
F. Dennis Saylor, IV  
Chief Judge, United States District Court